**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, on behalf of herself and all others*
*similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

————————————————————X
                                     :

SANDRA LEE, on behalf of herself and all others :
similarly situated,                         :

                                     :

                  Plaintiff,         : Civil Action No.

                                   :

vs.                                 : **CLASS ACTION COMPLAINT AND**

                                 : **JURY TRIAL DEMAND**

CAPITAL MANAGEMENT SERVICES, L.P.,   :

                                   :

                  Defendant.      :

                                   :

                                   :
————————————————————X

Plaintiff SANDRA LEE, on behalf of herself and all others similarly situated (hereinafter "Plaintiff"), by and through her undersigned attorney, alleges against the above-named Defendant, CAPITAL MANAGEMENT SERVICES, L.P., its employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

    1.      Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. §

1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which

prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because

jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this

jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer,"

"debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues.

## PARTIES

6.      Plaintiff is a natural person and resident of Morris County, in the State of

New Jersey.

7.      Based upon information and belief CAPITAL MANAGEMENT

SERVICES, L.P. ("CMS" or "Defendant") is a New York Corporation that acts as a debt

collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or

the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer

debts owed or due or asserted to be owed or due another.   In fact, Defendant was acting

as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer

debt it attempted to collect from Plaintiff.

## CLASS ACTION ALLEGATIONS

8.      Plaintiff brings this action as a state wide class action, pursuant to Rule 23

of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all

New Jersey consumers and their successors in interest (the "Class"), who have received

debt collection letters and/or notices from Defendant which are in violation of the

FDCPA, as described in this Complaint.

9.      This Action is properly maintained as a class action.

**Class 1 consists of**:

- All New Jersey consumers who disputed a debt under with Defendant

    under 15 U.S.C. § 1692g, but prior to receiving verification of the debt,

    defendant sent a letter to the consumer which contained the same or

    substantially similar language:

    > Our representatives are trained to offer assistance regarding this
    > obligation.  For account inquiries, please call Capital management
    > Services, LP toll free at 1-877-335-6949.

**Class 2 consists of**:

- All New Jersey consumers who were sent collections letters and/or

    notices from Defendant attempting to collect an obligation owed to or

    allegedly owed to Barclays Bank of Delaware in which Defendant failed

    to notify the consumer that interest or other charges were continuing to

accrue in in violation of 15 U.S.C section 1692, et. seq.

- The Class period for each class begins one year prior to the filing of this Action.

10.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibits A, B and C,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a.  Whether Defendant violated various provisions of the FDCPA, including, but not limited to:  15 U.S.C. §§1692e, 1692f, and 1692g;

b.  Whether the Defendant engaged in collection activity prior to
providing verification of the underlying debt:

c.  Whether the Defendant failed to inform Plaintiff that interest
and/or charges were continuing to accrue.

d.  Whether Plaintiff and the Class have been injured by the
Defendant's conduct;

e.  Whether Plaintiff and the Class have sustained damages and
are entitled to restitution as a result of Defendant's
wrongdoing, and if so, what is the proper measure and
appropriate statutory formula to be applied in determining such
damages and restitution; and

f.  Whether Plaintiff and the Class are entitled to declaratory
and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same
operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the
other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and
has retained experienced and competent attorneys to represent the
Class;

- A Class Action is superior to other methods for the fair and efficient
adjudication of the claims herein asserted. Plaintiff anticipates that no

unusual difficulties are likely to be encountered in the management of

this class action;

- A Class Action will permit large numbers of similarly situated persons

   to prosecute their common claims in a single forum simultaneously

   and without the duplication of effort and expense that numerous

   individual actions would engender. Class treatment will also permit the

   adjudication of relatively small claims by many Class members who

   could not otherwise afford to seek legal redress for the wrongs

   complained of herein.  Absent a Class Action, class members will

   continue to suffer losses of statutory protected rights as well as

   monetary damages.  If the Defendant's conduct is allowed to proceed

   without remedy it will continue to reap and retain the proceeds of its

   ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire

   Class, thereby making appropriate final injunctive relief or

   corresponding declaratory relief with respect to the Class as a whole.


## STATEMENT OF FACTS

11.    Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is

defined by 15 U.S.C. §1692a(3).

12.    Prior to November 9, 2016, Plaintiff allegedly incurred a financial

obligation to Barclays Bank Delaware ("Barclays") based upon purchases made on a

consumer credit card.

13.     The Barclays obligation ("Obligation") arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

14.     Plaintiff used the Barclays' credit card to purchase goods and service including such items as groceries, gasoline, entertainment, utilities, clothing, incidentals and other things for herself and her family.

15.     The Barclays credit card was used for personal, family or household use and not for a business purpose.

16.     The alleged Barclays Obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

17.     Barclays' is a "creditor" as defined by 15 U.S.C. § 1692a(4).

18.     At some time prior to November 9, 2016, the Barclays obligation became past due.

19.     At some time prior to November 9, 2016, Barclays transferred or assigned the Obligation to Defendant for collection.

20.     On or about November 9, 2016, Defendant sent Plaintiff a collection letter with respect to the Obligation which was Defendant's initial written communication to Plaintiff and indicated in the collection letter that she had 30 days to dispute the debt with Defendant.

21.     The November 9, 2016 dated collection letter was received by Plaintiff on November 15, 2016.

22.     Within 30 days of Plaintiff's receipt on November 15, 2016 of Defendant's initial communication dated November 9, 2016, on or about December 11,

2016, Plaintiff sent a letter to Defendant disputing the debt and seeking verification of the debt.  A copy of the December 11, 2016 letter is attached as Exhibit A.

23.    On or about December 16, 2016, Defendant sent Plaintiff a collection letter acknowledging receipt of Plaintiff's request for debt verification and indicating that Defendant had requested the verification documents from Barclays and that they would be forwarded to Plaintiff upon receipt.  A copy of the December 16, 2016 collection letter is attached as Exhibit B.

24.    The December 16, 2016 letter was a "communication" as defined by 15 U.S.C. §1692a(2).

25.    The December 16, 2016 collection letter also included the following language:

> Our representatives are trained to offer assistance regarding this obligation.  For account inquiries, please call Capital management Services, LP toll free at 1-877-335-6949.

26.    The December 16, 2016 letter further indicated that the Amount of the Debt had increased to $12,325.76; an increase from the $12,006.28 amount stated in the November 9, 2016 collection letter.

27. Section 1692g(b) of the FDCPA provides:

(b) Disputed debts

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. . . .

28.    Once Defendant received Plaintiff's dispute letter of December 11, 2016, Defendant should have immediately ceased collection of the debt until Defendant provided verification of the debt.

29.    However, Defendant's December 16, 2016 letter to Plaintiff was collection activity that is prohibited by section 1692g(b) of the FDCPA since it provided Plaintiff with an updated balance amount and invited Plaintiff to contact Defendant.

30.    On or about September 6, 2017, Plaintiff received another collection letter from Defendant.  The September 6, 2017 collection letter indicated that the amount of the debt had now increased to $12,666.63.  Attached as Exhibit C is a copy of the September 6, 2017 collection letter.

31.    Furthermore, the December 16, 2016, collection letter failed to indicate that interest was still accruing on the debt.

32.    A debt collection letter is deceptive where "it can be reasonably read to have two different meaning, one of which is inaccurate.  Brown v. Card Serv. Ctr., 464 F.3d 450, 455 (3rd Cir. 2006).

33.    In Smith v. Lyons, Doughty & Veldhuis, P.C., 2008 WL 2885887, *3 (D.N.J. July 23, 2008), the Court found that a collection letter was deceptive when it did not state the date upon which the outstanding interest amount was calculated and did not explain that interest would continue to accrue, leaving the least sophisticated consumer with two reasonable ways to read the letter, one of which is inaccurate; either that interest was calculated on the date the letter was written or that the stated interest balance was static, and that payment of that amount, plus the principal, would satisfy the debt in full.

34.    Defendant could have taken the steps necessary to bring its actions within

compliance with the FDCPA, but neglected to do so and failed to adequately review tis actions to ensure compliance with the law.

35.    Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of Defendant.

36.    Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

37.    Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

38.    Defendant violated Plaintiff's right to a truthful and fair debt collection process.

39.    Under the FDCPA, Plaintiff had the right to receive certain information from Defendant.

40.    Plaintiff had the right to receive from Defendant accurate information as to the amount of the debt, if Defendant is going to make such representations at to the amount of the debt.

41.    Defendant's collection letter caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to be free from collection activity until Defendant verified the debt.

42.    Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

43.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions

about, and participate fully and meaningfully in the debt collection process. The purpose

of the FDCPA is to provide information that helps consumers to choose intelligently. The

Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff

of her right to enjoy these benefits.

44.     As a result of Defendant's conduct, Plaintiff suffered an actual, concrete

injury as a result of Defendant's failure to provide Plaintiff information required under

the FDCPA.

45.     The failure of Defendant to provide this information impeded Plaintiff's

ability to make a well-reasoned decision.

46.     Defendant's failure to provide accurate information injured Plaintiff in

that it impacted her ability to decide on how to proceed with respect to the matter – will

she hire an attorney, represent herself, payoff the debt, engage in a payment plan, file  for

bankruptcy, etc.

47.     The deceptive communication additionally violated the FDCPA since it

frustrated Plaintiff's ability to intelligently choose her response.

48.     Based upon information and belief, within the last year, Defendant sent

collection letters to at least 40 New Jersey consumers which attempted to collect a debt,

after the consumer disputed the debt, but before Defendant provided verification of the

debt.

49.     Based upon information and belief, within the last year, Defendant sent

collection letters to at least 40 New Jersey consumers which failed to inform the

consumer that interest or other charges were continuing to accrue.

# COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

50.     Plaintiff repeats the allegations contained in paragraphs 1 through 49 as if the same were set forth at length.

51.     Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

52.     By sending collection letters, the same as or substantially similar to the December 16, 2016 letter, which continued to collect a debt after the debt had been disputed, but before verification had been provided, or failed to inform the consumer that interest or other charges were continuing to accrue, Defendant violated several provisions of the FDCPA, including, but not limited to:

A.   15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B.   15 U.S.C. § 1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of the alleged debt;

C.   15 U.S.C. § 1692e(2)(B) of the FDCPA by falsely representing the entitlement to certain interest, fees, costs and/or other charges;

D.   15 U.S.C. § 1692e(5) of the FDCPA by threatening to take or taking an action that could not legally be taken;

E.   15 U.S.C. §1692e(10), by using any false representation or deceptive means to collect or attempt to collect any debt;

F.  15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; or,

G.  15 U.S.C. §1692g(b) by engaging in collection activity after the debt had been disputed but prior to providing the consumer with verification of the debt.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff and the Class actual damages

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:  Rutherford, New Jersey
          December 18, 2017

Respectfully submitted,

By: s/ Lawrence C. Hersh
      Lawrence C. Hersh, Esq.
      17 Sylvan Street, Suite 102B
      Rutherford, NJ  07070
      (201) 507-6300
      *Attorney for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby

certify to my own knowledge and based upon information available to me at my office,

the matter in controversy is not the subject of any other action now pending in any court

or in any arbitration or administrative proceeding.

Dated: December 18, 2017                    By: s/ Lawrence C. Hersh

                                                 Lawrence C. Hersh, Esq

EXHIBIT A

December 11, 2016


Capital Management Services, LP
698 ½ Ogden Street
Buffalo, NY 14206-2317


Reference# ███5148

I fully dispute the amount of $12,006.28 in the enclosed copy of your letter. I request that you substantiate your claim and provide full evidence to support your claim.

I request that you comply with the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. In accordance with the Fair Debt Collection Practices Act, Section 809(b), I respectfully request that you also provide me with proof that you are licensed to collect debts in New Jersey.

Because I have disputed this debt in writing within 30 days of receipt of your notice, you must provide validation of your claimed debt.

Any attempt to collect this this claimed debt without validating it, violates the FDCPA;

Be advised that I am keeping records of all correspondence from you and your company. I will not hesitate to report violations of the law to my State Attorney General, the Federal Trade Commission and the Better Business Bureau. General, the Federal Trade Commission and the Better Business Bureau.

I have disputed your claimed debt; therefore, until validated you know your information concerning this debt is inaccurate. Thus, if you have already reported this debt to any credit-reporting agency (CRA) or Credit Bureau (CB) then, you must immediately inform them of my dispute with this debt. Reporting information that you know to be inaccurate or failing to report information correctly violates the Fair Credit Reporting Act § 1681s-2. Should you pursue a judgment without validating this debt, I will inform the judge and request the case be dismissed based on your failure to comply with the FDCPA.

Sandra A. Lee
Sandra A. Lee
████████████

EXHIBIT B

698 1/2 SOUTH OGDEN STREET
BUFFALO, NY 14206-2317

**CAPITAL MANAGEMENT SERVICES, LP**
698 1/2 South Ogden Street Buffalo, NY 14206-2317
Office Hours: M-F 8 am - 9 pm ET
Sat 8 am - 1 pm ET
Toll Free: 1-877-335-6949, Fax: 716-512-6046

Reference# ████5148

Original Creditor: BARCLAYS BANK DELAWARE
Current Creditor: BARCLAYS BANK DELAWARE
Description: Juniper
Account #: 2484
Amount of Debt: $12325.76

||ıılll|ıₚₚıl|ıllllₚllıı||lₚ|l|ıₚlₚₚₚl||l|ı|ₚₚₚll|ıllı

T2  P1******AUTO**MIXED AADC 140

Sandra A Lee

████████████████

December 16, 2016

To Sandra A Lee:

Capital Management Services, LP. is in receipt of your recent correspondence requesting verification of your account being handled by our office.  Our office has requested information from our client, BARCLAYS BANK DELAWARE.  Once we have received the information from BARCLAYS BANK DELAWARE, it will be forwarded to you.

Our representatives are trained to offer assistance regarding this obligation.  For account inquiries, please call Capital Management Services, LP toll free at 1-877-335-6949.  Should you wish to discuss the manner in which your account has been handled, please call our Compliance Office toll free at (800) 519-2687.

Sincerely,

Capital Management Services, LP.

This is an attempt to collect a debt; any information obtained will be used for that purpose. This communication is from a debt collector.

92/G1

Capman-122733.let   486464 * 08-BARCLAYS BANK DELAWARE-004601-NJ * 612

EXHIBIT C

698 1/2 SOUTH OGDEN STREET
BUFFALO, NY 14206-2317

**CAPITAL MANAGEMENT SERVICES, LP**
698 1/2 South Ogden Street Buffalo, NY 14206-2317
Office Hours: M-F 8 am - 9 pm ET
Sat 8 am - 1 pm ET
Toll Free: 1-800-394-0917, Fax: 716-512-6046

Reference# ⬛9307

Original Creditor: BARCLAYS BANK DELAWARE
Current Creditor: BARCLAYS BANK DELAWARE
Description: Juniper
Account #: 2484
AMOUNT ENCLOSED: _____
Amount of Debt: $12666.63

T11  P1******AUTO**MIXED AADC 140

Sandra A Lee

**PLEASE DETACH AND RETURN TOP PORTION WITH PAYMENT TO ADDRESS LISTED BELOW**

September 06, 2017

Dear Sandra A Lee:

This company has been engaged by BARCLAYS BANK DELAWARE to resolve your delinquent debt of $12666.63.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment, if applicable and mail you a copy of such verification or judgment. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different than the current creditor.

You may contact Capital Management Services, LP. at 698 1/2 South Ogden Street, Buffalo, NY 14206-2317 or call 1-800-394-0917 Mon. through Fri. 8 am to 9 pm ET, Sat. 8 am to 1 pm ET. Please submit your payment and make your check or money order payable to Capital Management Services, LP. at the address listed above. You may also make payments online at: www.cms-trans.com.

This is an attempt to collect a debt; any information obtained will be used for that purpose. This communication is from a debt collector.

2358/G6

Capman-122733.let   362468 * 01-BARCLAYS BANK DELAWARE-094501-NJ * 611